CHRISTIANSEN, Judge
(concurring):
« 24 I agree with the result reached by the majority opinion, but I write separately because I believe the parties' written settlement agreement may contain a different latent ambiguity than that identified by the majority. The 2005 Final Judgment describes the land at issue in the 2001 condemnation action as "[a] parcel of land in fee for the purpose of widening 11400 South Street as part of the construction of a freeway known as Project No. 15-7." The pertinent language is at the end of the 2005 Final Judgment, with my emphases added:
To enable [UDOT] to construct and maintain a public highway as a freeway, as contemplated by Title 728, Chapter 6, Seetion 117, Utah Code Anmotated, 1998, as amended, the Owners of said entire tract of property hereby release and relinquish to said [UDOT] any and all rights appurtenant to the remaining property of said Owners by reason of the location thereof with reference to said highway, including, without limiting the foregoing, all rights of ingress to or egress from said Owner's remaining property contiguous to the lands hereby conveyed to or from said highway between said designated Point "A" and Point "B."
During oral argument before this court and at the hearing on UDOT's motion in limine before the district court, Boggess-Draper argued that the language "by reason of the location thereof with reference to said highway" is ambiguous and that the district court should have considered extrinsic evidence to determine whether the parties intended their agreement to include the rights appurtenant to all of Boggess-Draper's property abutting 11400 South Street. See supra n. 4. According to Boggess-Draper, this language only refers to 11400 South Street east of Lone Peak Parkway, because at the time of the 2001 condemnation action 11400 South Street "was not a state highway west of Lone Peak Parkway," and UDOT did not gain ownership of 11400 South Street west of Lone Peak Parkway until the present condemnation action. Boggess-Draper contends that the only section of its property that bordered on the portion of 11400 South Street that UDOT owned at the time of the 2001 condemnation action was the "sliver parcel" on the east side of Lone Peak Parkway, ie., a narrow strip of land that was specifically called out in the 2005 Final Judgment ("between said designated Point 'A' and Point 'B'"). Thus, ace-cording to Boggess-Draper, the 2005 Final Judgment only conveyed rights appurtenant to the sliver parcel and not along the entirety of Boggess-Draper's property abutting 11400 South Street.
125 The majority agrees with Boggess-Draper that if UDOT did not own the western portion of 11400 South Street at the time of the 2005 Final Judgment, then the parties' intent to grant rights appurtenant with respect to that portion can be called into question. While I agree with the majority that the settlement agreement does not contain a facial ambiguity, I disagree that ownership of 11400 South Street is determinative of whether there exists a latent ambiguity here. Notably, nothing in the 2005 Final Judgment references a "state highway" as argued by Boggess-Draper. Rather, the 2005 Final Judgment only references a "public highway . as contemplated by Title 72, Chapter 6, Section 117, Utah Code Annotated." That statutory section permits UDOT (and other governing bodies) to establish "a limited-access facility" and to acquire by condemnation the property rights for a limited-access facility. See Utah Code Ann. § 72-6-117(1), (5) (LexisNexis 2009). Section 72-1-102 defines a "[llimited-access facility" as "a highway especially designated for through traffic, and over, from, or to which neither owners nor occupants of abutting lands nor other persons have any right or easement, or have only a limited right or easement of access, light, air, or view." Id. § 72-1-102(11). "Highway" is defined by the same statute as "any public road, street, alley, lane, court, place, viaduct, tunnel, culvert, bridge, or structure laid out or erected for public use, or dedicated or abandoned to the public, or made public in an action for the partition of *217 real property, including the entire area within the right-of-way." Id. § 72-1-102(7) (emphasis added).
26 Based on the foregoing, it seems unimportant that 11400 South Street west of Lone Peak Parkway was not a "state highway" at the time of the 2001 condemnation action for purposes of analyzing the text of the 2005 Final Judgment to identify any ambiguity. At the time of the 2001 condemnation action, the western portion of 11400 South Street was a public road and therefore constituted a "highway" as defined by section T2-1-102.[7] See id. The 2005 Final Judgment referred to a "public highway," and therefore, the language of the 2005 Final Judgment apparently applied to the entirety of 11400 South Street regardless of whether UDOT owned the western portion so as to make it a "state highway." It follows that the 2005 Final Judgment's terms appear to apply to all of Boggess-Draper's property abutting the highway-11400 South Street-whether or not those portions of the highway were state highways.[8]
127 The majority correctly points out that in determining the meaning of a written agreement, courts should consider relevant extrinsic evidence if a latent ambiguity is detected. "[A] latent ambiguity arises from a collateral matter when the document's terms are applied or executed, not from any facial deficiency in the contract's terms." Mind & Motion Utah Invs., LLC v. Celtic Bank Corp., 2016 UT 6, ¶ 40, 367 P.3d 994 (quoting Watkins v. Henry Day Ford, 2013 UT 31, ¶ 28, 304 P.3d 841). When a latent ambiguity exists in a written agreement, objectively verifiable extrinsic evidence is ad-misgible to indicate the actual intent of the parties, Id. In my opinion, it is the two phrases "the Owners of said entire tract of property" and "any and all rights appurtenant to the remaining property of said Owners by reason of the location thereof with reference to said highway" in the 2005 Final Judgment, rather than the language highlighted by the majority, that may give rise to a latent ambiguity in the document. Specifically, it is undisputed that Boggess-Draper owned property abutting 11400 South Street at the time of the 2001 condemnation action. It is also undisputed that in 2001, UDOT condemned a portion of Boggess-Draper's property located mostly to the east of Lone Peak Parkway and paid Boggess-Draper for the take. But the term "remaining property" is undefined and, accordingly, I agree with the majority that the district court should have considered extrinsic evidence to determine whether a latent ambiguity existed in the 2005 Final Judgment.

. Boggess-Draper acknowledged to the district court that 11400 South Street west of Lone Peak Parkway was a "city-owned road" in 2001 and that the "[slouth half was owned by Draper City [and] the northern half was owned by South Jordan City."

. The 2001 condemnation action was part of a larger project to turn 11400 South Street into a freeway. The fact that UDOT did not own the western portion of 11400 South Street at the time of the 2005 Final Judgment does not necessarily mean that UDOT could not have acquired rights appurtenant to Boggess-Draper's land adjacent to the western portion of 11400 South Street in anticipation of its larger plans to turn 11400 South Street into a freeway.